NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

BOUDEWYN RONALD HANSS,
*Appellant*.

No. 1 CA-CR 21-0049
FILED 10-05-2021
AMENDED PER ORDER FILED 10-05-2021

Appeal from the Superior Court in Mohave County
No. S8015201801860
The Honorable Billy K. Sipe Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Chief Judge Kent E. Cattani joined.

**T H U M M A,** Judge:

**¶1** This is an appeal under *Anders v. California,* 386 U.S. 738, 744 (1967) and *State v. Leon*, 104 Ariz. 297, 300 (1969). Counsel for defendant Boudewyn Ronald Hanss has advised the court that, after searching the entire record, he has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Hanss was given the opportunity to file a supplemental brief pro se, but has not done so. This court has reviewed the record and has found no reversible error. Accordingly, Hanss' conviction and resulting sentence are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2** Early one morning in June 2013, in Mohave County, an Arizona Department of Public Safety Trooper saw Hanss riding a motorcycle without a required windshield or protective eyewear. When the Trooper tried to stop Hanss, he did not quickly comply and used improper hand signals. When Hanss did pull over, the Trooper saw that he was slow and lethargic; Hanss then performed "poorly" on several field sobriety tests. The Trooper also learned that Hanss was driving on a suspended driver's license. The Trooper arrested Hanss and later, after he agreed, drew blood for analysis. Subsequent analysis revealed methamphetamine in his blood.

**¶3** Hanss was arraigned in 2018. After several continuances, hearings, changes of counsel and COVID-19-related delays, a three-day, in-person jury trial was held in December 2020. The jury found Hanss guilty of aggravated driving while a drug is in the defendant's body, a Class 4 felony, in violation of Arizona Revised Statutes (A.R.S.) §§ 28-1383(A)(1),

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-589 (1997) (citation omitted).

28-1381(A)(3), 13-701, 13-703 and 13-801 (2021).[2] Given his prior criminal history, Hanss was sentenced as a category three repetitive offender to an eight-year mitigated prison term in February 2021, as well as ordered to pay statutory fines. Hanss received 546 days in presentence credit.

¶4        Hanss timely appeals his conviction and sentence. This court has jurisdiction over his appeal pursuant to A.R.S. § 12-120.21(A)(1), §§ 13-4031 and -4033(A)(1)(2021).

## DISCUSSION

¶5        The court has reviewed and considered defense counsel's brief and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999) (providing guidelines for briefs when counsel has determined no arguable issues to appeal). Searching the record and briefing reveals no reversible error. The record shows that Hanss was represented by counsel at all critical stages. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The sentence imposed was within the statutory range. Neither counsel nor Hanss raised any issues on appeal.

## CONCLUSION

¶6        Accordingly, Hanss' conviction is affirmed.

¶7        Upon the filing of this decision, defense counsel is directed to inform Hanss of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Hanss shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:
JT

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.